Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com
Attorney for plaintiffs Karen Ivania Duenas and Joseph Daniel Duenas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN IVANIA DUENAS and JOSEPH DANIEL DUENAS<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, KENNETH HOON, JOSE AYALA, JEFFREY ANDREWS and DOES 1 through 10, inclusive,<br><br>        Defendants. | ) Case No.:<br>)<br>) COMPLAINT FOR DAMAGES FOR<br>) VIOLATION OF FEDERAL<br>) CONSTITUTIONAL RIGHTS UNDER<br>) COLOR OF STATE LAW<br>) (42 U.S.C. § 1983); CLAIM FOR<br>) UNREASONABLE SEIZURE OF<br>) PERSON (U.S. CONST. AMEND 4),<br>) CLAIM FOR USE OF UNREASONABLE<br>) FORCE UPON PERSON (U.S. CONST.<br>) AMEND 4); CLAIM FOR VIOLATION<br>) OF FIRST AMENDMENT RIGHTS (U.S.<br>) CONST. AMEND 1); CLAIM FOR<br>) UNLAWFUL / UNREASONABLE<br>) SEARCH AND SEIZURE OF PROPERTY<br>) (U.S. CONST. AMEND 4); *MONELL*<br>) CLAIM FOR FAILURE TO TRAIN;<br>) CLAIM FOR VIOLATION OF DUE<br>) PROCESS OF LAW (U.S. CONST.<br>) AMEND 4 and 14); and CALIFORNIA<br>) STATE LAW CLAIMS FOR VIOLATION<br>) OF BANE ACT (CAL. CIV. CODE §<br>) 52.1); FALSE ARREST / FALSE<br>) IMPRISONMENT; BATTERY;<br>) ASSAULT, CONVERSION/TRESPASS<br>) TO CHATTELS; TRESPASS;<br>) INTENTIONAL INFLICTION OF |

COMPLAINT FOR DAMAGES
1

) EMOTIONAL DISTRESS; and
) NEGLIGENT INFLICTION OF
) EMOTIONAL DISTRESS (*DILLON v. LEGG* CLAIM)

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiffs Karen Ivania Duenas and Joseph Daniel Duenas, and shows this honorable court the following:

## JURISDICTION AND VENUE

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiffs Karen Ivania Duenas and Joseph Daniel Duenas timely filed their Claim for Damages against the County of Riverside on March 19, 2021, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claims were rejected by defendant County of Riverside on March 30, 2021.

## GENERAL ALLEGATIONS

5.      Plaintiff Karen Ivania Duenas, hereinafter referred to as "KAREN" and/or "plaintiff" and/or "Karen Duenas," is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California.

6.      Plaintiff Joseph Daniel Duenas, hereinafter referred to as "JOSEPH" and/or "plaintiff" and/or "Joseph Duenas," is a natural person, who, at all times complained of in

COMPLAINT FOR DAMAGES
2

Law Offices of Jerry L. Steering

this action, resided in the County of Riverside, State of California.

7.     Defendant County of Riverside, hereinafter also referred to as "County of Riverside" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8.     Defendant Kenneth Hoon, hereinafter referred to as "HOON," is a sworn peace officer and deputy sheriff with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

9.     Defendant Jose Ayala, hereinafter referred to as "AYALA." is a sworn peace officer, deputy sheriff and Sergeant with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

10.     Defendant Jeffrey Andrews, hereinafter referred to as "ANDREWS," is a sworn peace officer and deputy sheriff with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

11.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Riverside, or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend this

COMPLAINT FOR DAMAGES
3

complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of Riverside, or some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside, or some other public entity.

13.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Riverside, or some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside for: 1) wrongfully arresting persons; 2) using excessive / unreasonable force on persons; 3) unlawfully seizing persons; 4) unlawful searching and seizing persons and their personalty / property; 5) falsely arresting and falsely imprisoning persons; 6) unlawfully incarcerating persons beyond 48 hours without a probable cause determination, arraignment or charging document in violation of due process rights under state statutory and federal constitutional law; 7) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously,

COMPLAINT FOR DAMAGES

4

oppressively convict innocent persons, to protect them and other deputy sheriffs, public officers and supervisory personnel from civil, administrative and criminal liability; 8) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) covering-up unlawful and tortious conduct by County of Riverside personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

14.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

15.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as deputy sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Country of Riverside, and/or some other public official(s) with County of Riverside, and were acting in the course of and within the scope of their employment with defendant County of Riverside.

16.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, including the Riverside County Sheriff and his Undersheriffs, Captains and other high-ranking police officials with defendant County of Riverside.

17.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Riverside, for, inter alia: 1) wrongfully arresting persons; 2) using excessive / unreasonable force on

Law Offices of Jerry L. Steering

persons; 3) for unlawfully seizing persons; 4) unlawful searching and seizing persons and their personalty / property; 5) falsely arresting and falsely imprisoning persons; 6) unlawfully incarcerating persons beyond 48 hours without a probable cause determination, arraignment or charging document in violation of due process rights under state statutory and federal constitutional law 7) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) covering-up unlawful and tortious conduct by County of Riverside personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

18.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs Karen Duenas and Joseph Duenas of their federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiffs Karen Duenas and Joseph Duenas of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

19.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs Karen Duenas and Joseph Duenas' federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON**
**UNDER FOURTH AMENDMENT TO UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**

COMPLAINT FOR DAMAGES
6

**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants[1])**

20.   Plaintiffs hereby re-allege and re-incorporate by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

21.   On September 22, 2020, at approximately 6:45 p.m., a certain unknown Riverside County deputy sheriff(s), DOE 1 and/or DOE 2, were shining their flashlights into 2nd floor windows of plaintiff KAREN and JOSEPH's apartment, located at 22953 Adrienne Avenue #16 in the City of Moreno Valley, California.

22.   Plaintiffs are presently unaware of the reason why there were several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 8, inclusive, outside of their home, and why they were shining flashlights into the plaintiff's home.

23.   Plaintiff JOSEPH was blinded by the flashlight(s) being shown through the window of his home, and did not know there were several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 8, inclusive, outside of his home, and, that the person(s) shining flashlights into their home were Riverside County Sheriff's Department deputy sheriffs.

24.   In response to being blinded by the flashlight(s) being shined at him, plaintiff JOSEPH "flipped off"[2] the persons shining their flashlights at him, which angered said defendant DOE deputy sheriffs that were behind plaintiffs' home.

25.   Thereafter, plaintiff KAREN was sitting on her balcony when said unknown deputy sheriffs also began to shine their lights into her face, also blinding her. Plaintiff KAREN thought it may have been a neighbor who used to shine a flashlight at her and exclaimed "*Who is that shining their lights on me like a bitch-ass cop?*"

26.   One of the said unknown Riverside County Sheriff's Department deputy sheriffs replied "*We are the cops*", and at least one Riverside County Sheriff's Department deputy sheriff(s), DOE 3 and/or DOE 4, proceeded up the stairway towards

---

[1] Including defendant County of Riverside, via plaintiff's claim for Monell Liability.
[2] More specifically, plaintiff JOSEPH extended his middle finger towards the deputies shining their flashlight(s) at him, as a form of protest to said deputies' actions.

COMPLAINT FOR DAMAGES

7

Law Offices of Jerry L. Steering

1 | the plaintiffs' apartment.

2 | 27. Plaintiff KAREN was then ordered out from her enclosed second story

3 | balcony (part of her curtilage) by said defendant DOE deputies, and was ordered by them

4 | to come outside of her home, because said deputies wanted to speak with her, to which

5 | KAREN replied that she did not want to exit her home and speak with them.

6 | 28. By this time, plaintiff JOSEPH heard knocking on his front door and was

7 | told through the front door that it was the police, and was told by said defendant deputies

8 | that if he did not open the front door of his home, that said defendant deputy sheriffs

9 | would force entry into the plaintiffs' home.

10 | 29. When plaintiff JOSEPH complied with said DOE defendant deputies' order

11 | to open the door to his home, defendants HOON and/or DOE 5 and/or DOE 6 was/were

12 | behind the door, and questioned plaintiff JOSEPH as to why he did not want to open the

13 | door.

14 | 30. Plaintiff JOSEPH told defendant(s) HOON and/or DOE 5 and/or DOE 6 his

15 | name, and told defendant(s) HOON and/or DOE 5 and/or DOE 6 that he rented the

16 | apartment.

17 | 31. Defendant(s) HOON and/or DOE 5 and/or DOE 6 then told plaintiff

18 | JOSEPH that he/they needed to see if anyone else was in the plaintiffs' apartment,

19 | because someone (allegedly) threw a bottle at the deputy sheriffs, and he needed to

20 | investigate; something that was not true. This fabricated story about someone throwing a

21 | bottle at said deputy sheriffs was merely a pretext for retaliating against the plaintiffs for

22 | their verbal protests of (and flipping-off of) said deputies shining their flashlights at the

23 | plaintiffs and their home.

24 | 32. Plaintiff JOSEPH told defendant(s) HOON and/or DOE 5 and/or DOE 6 that

25 | he and his mother (plaintiff KAREN) were the only ones in their apartment. Defendant(s)

26 | HOON and/or DOE 5 and/or DOE 6 again told plaintiff JOSEPH that he/they needed to

27 | come inside of the plaintiff's apartment.

28 | 33. Thereafter, plaintiff KAREN went over to her front door to see what was

COMPLAINT FOR DAMAGES

8

Law Offices of Jerry L. Steering

going on. KAREN stood behind plaintiff JOSEPH, and was asked by defendant(s) HOON and/or DOE 5 and/or DOE 6 if she had flipped them off, to which she replied "*No*." Plaintiff KAREN was then asked if she threw a bottle at said deputies, to which she replied "*No*." Plaintiff KAREN told defendant(s) HOON and/or DOE 5 and/or DOE 6 that she had nothing to hide.

34.    At that moment, defendant(s) AYALA (a Sergeant) and/or DOE 7 and/or DOE 8 walked-up the stairs to plaintiffs' home and said "*That's going to be her*"; referring to plaintiff KAREN.

35.    When plaintiff JOSEPH went to grab his phone to record the subject incident, he was immediately grabbed from his home by defendant(s) HOON and other certain unknown Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, who then slammed plaintiff JOSEPH against a wall on his front porch, pinned him against the wall and was handcuffed by said deputies on his front porch without any justification, and approximately four more deputy sheriffs, defendants DOES 1 through 4, inclusive, unlawfully entered plaintiffs' apartment.

36.    Said handcuffing of plaintiff JOSEPH was done to cause plaintiff JOSEPH injuries to his wrists, as said handcuffs were cinched down excessively tight, causing plaintiff JOSEPH physical injuries to his wrists.

37.    Moreover, said unlawful entry into the plaintiffs' home was done without consent, without a warrant, without probable cause, without any suspicion of criminality afoot of the plaintiffs, and in the absence of any exigency or to render any emergency aid.

38.    Thereafter, several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, including defendant HOON, in a showing of tremendous and excessive force, tackled and slammed plaintiff KAREN to the tile floor inside her home, face first, as said deputies "dog-piled" and jumped upon plaintiff KAREN before handcuffing her. As a result, plaintiff KAREN suffered painful injuries, including injuries to her wrists, two black eyes, a bump on her head, a purple nose, and a permanent injury to her right elbow.

COMPLAINT FOR DAMAGES
9

Law Offices of Jerry L. Steering

39.     Plaintiff JOSEPH was then told by said deputies, DOES 1 through 8, inclusive, that his mother, plaintiff KAREN, would be arrested for assault on a peace officer with a deadly weapon—the alleged bottle.

40.     Plaintiff JOSEPH was then questioned by defendant ANDREWS and another certain unknown deputy sheriff, DOE 1 and/or DOE 2, as other certain unknown deputy sheriffs, DOES 3 through 8, inclusive, unlawfully searched plaintiffs' apartment. Plaintiff JOSEPH also saw a deputy, DOE 4 and/or DOE 5, remove items from the family home in a paper bag.

41.     Plaintiff KAREN was then transported to the Robert Presley Detention Center in Riverside, California for booking.

42.     Six days later, on her first scheduled court date, September 28, 2020, plaintiff KAREN was not taken to court, or arraigned or given a probable cause determination hearing for her arrest; still confined in jail.

43.     Seven days later, on her second scheduled court date, October 5, 2020, plaintiff KAREN was still not taken to court, or arraigned or given a probable cause determination hearing for her arrest; still confined in jail.

44.     At some point during her incarceration, plaintiff KAREN was transferred to the Larry D. Smith Correctional Facility in Banning, California, where she released on October 9, 2020, spending a total of 18 days in custody without a probable cause determination hearing, arraignment, or ever being charged with a crime, in violation of plaintiff KAREN's due process rights under the Fourth and Fourteenth Amendments to the United States Constitution and federal law.[3]

45.     The actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, as complained above herein, constituted a violation of the plaintiff KAREN and JOSEPH's rights under the Fourth Amendment to the United States Constitution to be free an unlawful seizure of their persons by said deputy sheriffs in the

---

[3] More specifically, in violation of Cal. Penal Code § 825 and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Law Offices of Jerry L. Steering

absence of reasonable suspicion to have detained the plaintiffs, and to be free from an arrest of their persons in the absence of a valid warrant, or probable cause to believe that the plaintiffs had committed a crime.

46.   In addition, to the above and foregoing, the actions of said defendant deputy sheriffs in ordering the plaintiffs to exit their home constituted an arrest of the plaintiffs inside of their homes, in the absence of a warrant, consent or an emergency, in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

47.   In addition, to the above and foregoing, the actions of said defendant deputy sheriffs in entering the plaintiffs' home to arrest the plaintiffs inside of their homes, and then arresting them, in the absence of a warrant, consent or an emergency, constituted an unlawful arrest of the plaintiffs, in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

48.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

49.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

**SECOND CAUSE OF ACTION**
**USE OF UNREASONABLE / EXCESSIVE FORCE UPON PERSON**
**UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants[4])**

---

[4] Including defendant County of Riverside, via plaintiff's claim for Monell Liability.

COMPLAINT FOR DAMAGES
11

Law Offices of Jerry L. Steering

50. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51. As shown above, on September 22, 2020, when plaintiff JOSEPH went to grab his phone to record the subject incident, he was immediately grabbed from his home by defendant HOON and other certain unknown Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, who then slammed plaintiff JOSEPH against a wall on his front porch, pinned him against the wall and handcuffed him on his front porch without any justification or lawful reason for so using excessive force upon JOSEPH, and approximately four more deputy sheriffs, DOES 1 through 4, inclusive, unlawfully entered plaintiffs' apartment.

52. Also, as shown above, said handcuffing of plaintiff JOSEPH was done to cause plaintiff JOSEPH injuries to his wrists, as said handcuffs were cinched down excessively tight, causing plaintiff JOSEPH physical injuries to his wrists.

53. Moreover, as shown above, several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, including defendant HOON, in a showing of tremendous and excessive force, tackled and slammed plaintiff KAREN to the tile floor inside her home, face first, as said deputies "dog-piled" and jumped upon plaintiff KAREN before handcuffing her. As a result, plaintiff KAREN suffered painful injuries, including injuries to her wrists, two black eyes, a bump on her head, a purple nose, and a permanent injury to her right elbow.

54. Said unreasonable use of force and handcuffing of the plaintiffs KAREN and JOSEPH by said defendants, above-referenced, was further ratified by defendant(s) AYALA and/or DOE 7 and/or DOE 8.

55. Said unreasonable use of force upon and the handcuffing of the plaintiffs KAREN and JOSEPH by said defendants, above-referenced, was done by said defendant deputy sheriffs, without reasonable cause to believe that the plaintiffs KAREN and JOSEPH had done anything wrong, and without probable cause to believe that they had

committed a crime, and, without any reasonable belief that the use of force upon the plaintiffs was lawful or reasonable.

56.     Moreover, said force used by said defendants against the plaintiffs was unlawful, unreasonable, excessive and outrageous.

57.     Accordingly, said unreasonable use of force upon plaintiffs KAREN and JOSEPH was done in violation of their right to be free from the use of unreasonable force upon their persons under the Fourth Amendment to the United States Constitution.

58.     As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

59.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

**THIRD CAUSE OF ACTION**
**VIOLATION OF RIGHT TO FREE SPEECH / RIGHT TO PETITION FOR REDRESS OF GRIEVANCES UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants[5])**

60.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

61.     As shown above, defendants HOON, AYALA, ANDREWS and DOES 1

---

[5] Including defendant County of Riverside, via plaintiff's claim for Monell Liability.

COMPLAINT FOR DAMAGES

13

Law Offices of Jerry L. Steering

through 10, inclusive, arrested the plaintiffs, with the full knowledge that the plaintiffs KAREN and JOSEPH had not committed any crime at all.

62.    Also, as shown above, plaintiffs KAREN and JOSEPH verbally protested the actions of said defendants, including having flashlights shined into plaintiffs' home, about the unlawful search and seizure of plaintiffs' home, about being unlawfully detained and arrested, and about the defendant officers' use of excessive force.

63.    In addition, plaintiffs also exercised their First Amendment rights by verbally protesting said defendant deputy sheriffs' conduct directed toward them.

64.    Moreover, said defendants also incarcerated plaintiff KAREN for 18 days without a probable cause determination hearing, arraignment or ever being charged with a crime, in violation of plaintiff KAREN's due process rights under the Fourth and Fourteenth Amendments to the United States Constitution; described above and below. Said period of incarceration was done deliberately by said defendants as retaliation for plaintiff KAREN's exercising her right to verbally protest the actions of said defendants under the First Amendment to the United States Constitution.

65.    A substantial or motivating factor in the decision of defendants HOON, AYALA, ANDREWS and DOES 1 through 8, inclusive, to arrest and use excessive force upon plaintiffs KAREN and JOSEPH Defendants HOON, AYALA, ANDREWS and DOES 1 through 8, inclusive, was plaintiffs KAREN and JOSEPH verbal protests[6] of the officers flashing lights in their home, their being ordered downstairs and outside o their home, their detentions, their arrests, and the use of excessive force by said defendants upon them.

66.    At the time and date of the plaintiff KAREN and JOSEPH's arrest in this matter, the longstanding custom, usage and practice of the Riverside County Sheriff's Department was to arrest persons such as the plaintiffs KAREN and JOSEPH, for "contempt of cop"; for challenging or protesting actions by Riverside County Sheriff's Department deputy sheriffs; notwithstanding their constitutional right to do so under the

[6] And the flip-off by JOSEPH.

Law Offices of Jerry L. Steering

First Amendment to the United States Constitution.

67.     Moreover, a longstanding custom and practice of the Riverside County Sheriff's Department is to arrest and to procure the bogus criminal prosecution of their false arrest and excessive force victims for some "resistance offense", in order to "protect" the Riverside County Sheriff's Department deputy sheriffs and the County of Riverside from civil liability, from internal discipline, and from obloquy, and, for political reasons.

68.     That longstanding custom and practice of the Riverside County Sheriff's Department is to arrest and to procure the bogus criminal prosecution of their victims for some "resistance offense", in order to protect the Riverside County Sheriff's Department deputy sheriffs and the County of Riverside from civil liability, from internal discipline and from obloquy; notwithstanding the lack of a warrant or probable cause to believe that said deputy sheriffs' victims had not committed any crimes, was a proximate cause of the unlawful arrest, unlawful search and seizure and use of excessive force of the plaintiffs regarding this matter.

69.     Accordingly, plaintiffs KAREN and JOSEPH were retaliated against for their verbal protests of defendants HOON's, AYALA's, ANDREWS' and DOES 1 through 8, inclusive's actions, for verbally protesting aid defendant deputy sheriffs' actions and conduct toward them; being an exercise of plaintiffs' rights under the First Amendment to the United States Constitution.

70.     In addition, as shown above, said defendants also violated the plaintiff KAREN's First Amendment rights by incarcerating her for 18 days without a probable cause determination hearing, arraignment or any accusatory document being filed by the Riverside County District Attorney's Office against her, in an effort to preclude the plaintiff KAREN from being able to successfully sue said defendants by causing her criminal conviction for crimes that the plaintiff did not commit; a violation of the First Amendment's right to petition the government for redress of grievances.

71.     Moreover, said defendant deputy sheriffs were fully aware of this policy,

COMPLAINT FOR DAMAGES

15

custom, usage and practice of the Riverside County Sheriff's Department, and one or more said defendants authored a police report(s) making false material statements and omissions of facts, to carry out this retaliatory policy; said bogus police report(s) were further ratified by defendant AYALA and DOES 1 through 10, inclusive.

72. As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

73. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

**FOURTH CAUSE OF ACTION**
**UNREASONABLE SEARCH and SEIZURE OF REAL AND PERSONAL PROPERTY UNDER FOURTH AMENDMENT**
**[Violation of 42 U.S.C. § 1983]**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants[7])**

74. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75. As shown above, on September 22, 2020, when plaintiff JOSEPH went to grab his phone to record the subject incident, he was immediately grabbed from his home by defendant HOON and other certain unknown Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, who then slammed plaintiff JOSEPH against a wall on his front porch, pinned him against the wall and handcuffed by said

---

[7] Including defendant County of Riverside, via plaintiff's claim for Monell Liability.

deputies on his front porch without any justification, and approximately four more deputy sheriffs, DOES 1 through 4, inclusive, unlawfully entered plaintiffs' apartment.

76.    Moreover, as shown above, several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 4, inclusive, including defendant HOON, unlawfully entered the plaintiffs' home, without consent, without a warrant, without probable cause, without any suspicion of criminality afoot of the plaintiffs, and in the absence of any exigency or to render any emergency aid; and said defendants in a showing of tremendous and excessive force, tackled and slammed plaintiff KAREN to the tile floor inside her home face first, as said deputies "dog-piled" and jumped upon plaintiff KAREN before handcuffing her. As a result, plaintiff KAREN suffered painful injuries, including injuries to her wrists, two black eyes, a bump on her head, a purple nose, and a permanent injury to her right elbow.

77.    Other certain unknown deputy sheriffs, DOES 3 through 8, inclusive, unlawfully searched plaintiffs' apartment. Plaintiff JOSEPH also saw a deputy, DOE 4 and/or DOE 5, remove items from the family home in a paper bag.

78.    The actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, as complained above herein, constituted a violation of plaintiffs KAREN and JOSEPH's rights under the Fourth Amendment to the United States Constitution to be free from unlawful and unreasonable search and seizure of their home and their personal property.

79.    As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

80.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs

COMPLAINT FOR DAMAGES
17

KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON FAILURE TO TRAIN and POLICY VIA LONGSTANDING CUSTOMS AND PRACTICES (*Monell* Claims)**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

81.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

80.     As shown above, when defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, deprived plaintiffs KAREN and JOSEPH of their particular rights under the United States Constitution, they were acting under the color of state law.

82.     The training policies of defendants COUNTY and DOES 7 through 10, inclusive, were not adequate to train their deputy sheriffs and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants COUNTY and DOES 7 through 10, inclusive, failed to train its deputy sheriffs that they have no right to order persons to exit their homes in the absence of an arrest warrant for any such person, or, in the absence of both probable cause to believe that the person inside of their home committed a serious dangerous felony, and, there is an emergency, as there is no time to obtain a warrant.

83.     Defendants COUTY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other sworn peace officer personnel adequately to follow the policies of the California Attorney General and of all courts that have binding authority over California peace officers. The failure of defendants COUNTY and DOES 7 through 10, inclusive, to

Law Offices of Jerry L. Steering

provide adequate training caused the deprivation of plaintiffs' rights by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

84.    In addition, on January 5, 2015 Mike Hestrin became the District Attorney of Riverside County.

85.    In or about 2018 Mike Hestrin began a program at the Riverside County District Attorney's Office for prosecutions of "resistance offenses", such as for violations of Cal. Penal Code §§ 69, 71, 148(a)(1), 240/241(c), 242/243(b) and 245(c).

86.    That special program was designed, implemented and functions, then and now and at all times complained of in this action, to file bogus "resistance offense" cases against the innocent victims of police abuse / police misconduct, to "shake-them-down" for either a plea to some resistance offense, or to otherwise convict them (i.e. trial) for some resistance offense, to collaterally estopped the abused innocent criminal defendants from successfully suing the defendants, and to otherwise prevent the plaintiff from successfully suing the defendants via *Heck v. Humphrey*, 512 U.S. 477 (1994).

87.    In particular, there is an unwritten understanding, custom, plan and longstanding course of conduct, discussed between patrol deputy sheriffs, including the defendant deputy sheriffs involved with the arrests and use of unreasonable force upon the plaintiffs, as described-above.

88.  Also, there is a longstanding understanding among and between Riverside County Sheriff's Department deputy sheriffs, for deputies to not tell or to report, on police reports, to the Sheriff's Department, to Riverside County Sheriff's Department internal affairs investigators, or to Riverside County District Attorney's Office Investigators, any acts of unreasonable /excessive force upon members of the public by other deputy sheriffs.

89.    Also, there is a longstanding understanding among and between Riverside County Sheriff's Department to not find that their deputy sheriffs and supervisors,

lawfully detained, lawfully arrested and use lawful and used reasonable force upon others, when, in fact, the Riverside County Sheriff's Department Investigators / Supervisors knew very well that a / the civilian was unlawfully detained, unlawfully arrested and unlawfully subjected to the use of unreasonable force upon them.

90.     Furthermore, the Riverside County Sheriff's Department actually rewards deputy sheriffs who use the most unreasonable force upon members of the public, including awarding such violent deputy sheriffs with the Deputy of the Year Award, such as Deputy Sheriff Bertram Blinn, with the Lake Elsinore Station of the Riverside County Sheriff's Department.

91.     Furthermore, rather than the Riverside County Sheriff's Department disciplining its deputy sheriffs for unlawfully detaining and arresting persons, and unlawfully using unreasonable / excessive force, that agency denies that their deputy sheriffs acted unlawfully, and politically pressures the Riverside County District Attorney's Office to criminally prosecute the victims of Riverside County Sheriff's Department deputy sheriffs; victims of false arrest, unlawful detentions and excessive force.

92.     The defendant deputy sheriffs and supervisors complained of in this action were aware of these policies, customs and practices of the Riverside County Sheriff's Department, and, as a result of this knowledge, the defendant deputy sheriffs and supervisors sued as individual defendants in this case falsely beat, brutalized and the plaintiffs as described above.

93.     Said policies, customs and practices of the Riverside County Sheriff's Department for using excessive force upon civilians, for falsely arresting civilians and for procuring the bogus / false / malicious criminal prosecution of that agency's deputy sheriffs' victims, were the moving force that caused those federal constitutional violations complained of above and below, and were a proximate cause of the same.

94.     As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and

COMPLAINT FOR DAMAGES
20

JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

95.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00.

## SIXTH CAUSE OF ACTION
## VIOLATION OF DUE PROCESS RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### [42 U.S.C. § 1983]
### (By Plaintiff KAREN DUENAS against all Defendants[8])

96.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 95, inclusive, above, as though set forth in full herein.

97.     As shown above, plaintiff KAREN was arrested by defendants HOON, AYALA, ANDREWS and DOES 1 through 8, inclusive, on September 22, 2020.

98.     Plaintiff KAREN was then transported to the Robert Presley Detention Center in Riverside, California for booking.

99.     Six days later, on her first court date, September 28, 2020, plaintiff KAREN was not arraigned or given a probable cause determination hearing for her arrest, and, she was kept confined in jail without the Riverside County District Attorney's Office having filed criminal charges against KAREN.

100.    Seven days later, on her second court date, October 5, 2020, plaintiff KAREN was not arraigned or given a probable cause determination hearing for her arrest, and, she was kept confined in jail without the Riverside County District Attorney's Office having filed criminal charges against KAREN.

---

[8] Including defendant County of Riverside, via plaintiff's claim for Monell Liability.

COMPLAINT FOR DAMAGES

21

101.  At some point during her incarceration, plaintiff KAREN was transferred to the Larry D. Smith Correctional Facility in Banning, California, where she was finally released on October 9, 2020, spending a total of 18 days in custody without a probable cause determination hearing, or an arraignment, or ever being charged with a crime by the Riverside County District Attorney's Office, in violation of plaintiff KAREN's due process rights under Cal. Penal Code § 825, and under the Fourth and Fourteenth Amendments to the United States Constitution.

102.  As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiff KAREN was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

103.  The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

### SEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)

104.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 103, inclusive, above, as if set forth in full herein.

105.  As shown above, defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, use unreasonable / excessive force upon plaintiffs KAREN and JOSEPH as retaliation for verbally protesting and for being falsely arrested and for plaintiff KAREN being thrown into jail, without a warrant or probable cause, or even a

COMPLAINT FOR DAMAGES
22

Law Offices of Jerry L. Steering

reasonable suspicion of criminality afoot of the plaintiffs KAREN and JOSEPH.

106.   Said actual use and threats of violence and the use of violence against plaintiffs KAREN and JOSEPH by said defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, was made by them in order to coerce the plaintiffs KAREN and JOSEPH to refrain / stop / deter the plaintiff from exercising of their constitutional right to verbally protest their seizures by said defendants, including defendants' demand, by using force causing physical injury constituted the threatened and actual use of violence against the plaintiffs KAREN and JOSEPH, in order to deter and prevent them from exercising their constitutional rights.

107.   The actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, above-described, were done in retaliation for the plaintiffs KAREN and JOSEPH's exercise of their First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiffs KAREN and JOSEPH to said defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, about their mistreatment of the plaintiffs KAREN and JOSEPH.

108.   Moreover, as shown above, said defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, used unreasonable force upon the plaintiffs KAREN and JOSEPH; said use of unreasonable force in itself being a violation of Section 52.1.

109.   Said defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by the plaintiffs KAREN and JOSEPH of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

110.   Said defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, are liable to the plaintiffs KAREN and JOSEPH for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

**Law Offices of Jerry L. Steering**

Government Code §§ 815.2(a), 815.6, 820, 820.8.

111. As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

112. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00.

113. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

114. In addition, as a result of the actions of said defendants in violation of the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiffs are entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### EIGHTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)

115. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 114, inclusive, above, as if set forth in full herein.

116. As complained of above, plaintiffs KAREN and JOSEPH were unlawfully seized and arrested by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, on September 22, 2020.

COMPLAINT FOR DAMAGES

24

117.   As complained of above, said defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, had neither a warrant nor probable cause to believe that the plaintiffs KAREN and JOSEPH had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiffs KAREN and JOSEPH.

118.   As complained of above, plaintiffs KAREN and JOSEPH were actually harmed by said conduct of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive.

119.   As complained of above, the conduct of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, was substantial factor in causing the plaintiff KAREN and JOSEPH harm.

120.   Defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, are liable to plaintiff KAREN and JOSEPH for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8, including liability for treble damages.

121.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

122.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

123.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY,

COMPLAINT FOR DAMAGES
25

Law Offices of Jerry L. Steering

in an amount to be proven at trial in excess of $5,000,000.00.

### NINTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

124.   Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 112, inclusive, above, as if set forth in full herein.

125.   The actions committed by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, above-described, constituted the unjustified non-consensual use of unlawful force and violence upon plaintiffs KAREN and JOSEPH, and constituted a battery of the by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, under California state law.

126.   Defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, and each of them, are liable to the plaintiffs KAREN and JOSEPH for said batteries of them, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

127.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

128.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

129.   The actions by said defendants were committed maliciously and

Law Offices of Jerry L. Steering

oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00 each.

**TENTH CAUSE OF ACTION**
**Assault**
**Under California State Law**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

130.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 131, inclusive, above, as if set forth in full herein.

131.   The actions committed by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, above-described, constituted an assault of the plaintiffs KAREN and JOSEPH under California state law, as plaintiffs were unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive.

132.   Defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, and each of them, are liable to under California state law for said assaults of plaintiffs KAREN and JOSEPH, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

133.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

134.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive /

Law Offices of Jerry L. Steering

COMPLAINT FOR DAMAGES
27

exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

135.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00 each.

### ELEVENTH CAUSE OF ACTION
#### Conversion / Trespass to Chattels
#### Under California State Law
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

136.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 135, inclusive, above, as if set forth in full herein.

137.   As complained of above, plaintiffs KAREN and JOSEPH had their home unlawfully searched and their property unlawfully seized on September 22, 2020, and said unlawful seizure of plaintiff's property constituted conversion / trespass to chattels under California state law.

138.   Defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, are liable to the plaintiffs KAREN and JOSEPH for their unlawful seizure of plaintiff's property pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

139.   Plaintiffs KAREN and JOSEPH owned and possessed their property taken from their home; and defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, substantially interfered with plaintiffs KAREN and JOSEPH's property, by knowingly, intentionally and unlawfully taking possession of the aforementioned property taken from plaintiffs' home.

140.   Plaintiffs KAREN and JOSEPH did not consent to the unlawful searches and seizures of their property, described hereinabove; and plaintiffs KAREN and JOSEPH was harmed by the unlawful conduct of defendants HOON, AYALA, ANDREWS and

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

DOES 1 through 10, inclusive; and defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive's conduct was a substantial factor in causing plaintiffs KAREN and JOSEPH's harm.

141.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

142.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

143.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## TWELFTH CAUSE OF ACTION
### Trespass to Private Residence and to Chattels
### Under California State Law
### (By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)

144.   Plaintiffs hereby re-allege and re-incorporate by reference the allegations set forth in paragraphs 1 through 143, inclusive, above, as if set forth in full herein.

145.   As shown above, the actions committed by defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, above-described, constituted an unlawful trespass onto plaintiff KAREN and JOSEPH's property and home under California state law, and stole their personal property while doing so.

146.   Defendants COUNTY, HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, and each of them, are liable to the plaintiffs KAREN and JOSEPH for said trespass onto their property and their home, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

147.   Plaintiffs KAREN and JOSEPH lawfully rented/leased the property, and defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, intentionally and recklessly entered onto plaintiff s KAREN and JOSEPH's property and home; and plaintiffs KAREN and JOSEPH did not give consent or permission for said entry.

148.   Plaintiffs KAREN and JOSEPH were actually harmed, and defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive's entry and conduct was a substantial factor in causing plaintiffs KAREN and JOSEPH's harm.

149.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

150.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00.

151.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## THIRTEENTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

30

## Intentional Infliction of Emotional Distress
### Under California State Law
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

152.   Plaintiffs hereby re-allege and re-incorporate by reference the allegations set forth in paragraphs 1 through 151, inclusive, above, as if set forth in full herein.

153.   Defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, and each of them, knew and/or should have known that the plaintiffs KAREN and JOSEPH were susceptible to suffering severe emotional distress from the actions taken and committed against the plaintiffs as complained of above and herein.

154.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, was outrageous and not the type of conduct condoned in a civilized society. 142.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

155.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

156.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00 each.

## FOURTEENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress (*Dillon v. Legg* Claim)

COMPLAINT FOR DAMAGES

31

*Law Offices of Jerry L. Steering*

**Under California State Law**
**(By Plaintiffs KAREN DUENAS and JOSEPH DUENAS against all Defendants)**

157.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 156, inclusive, above, as if set forth in full herein.

158.   As shown above, defendants HOON, AYALA, ANDREWS and DOES 1 through 8, inclusive, and each of them, beat, brutalized and falsely arrested both of the plaintiffs in each other's presence, and with both of the plaintiffs seeing each other being beaten, falsely arrested and otherwise tortured and tormented.

159.   As a direct and proximate result of the actions of defendants HOON, AYALA, ANDREWS and DOES 1 through 10, inclusive, plaintiffs KAREN and JOSEPH were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred medical costs and expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

160.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs KAREN and JOSEPH's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00 each.

161.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00 each.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)   For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00 each, trebled;

b)   For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00 each;

c)    For an award of reasonable attorney's fees and costs;

d)    For a trial by jury; and

e)    For such other further relief as this honorable court deems just and equitable.

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFFS KAREN IVANIA DUENAS and
JOSEPH DANIEL DUENAS

## **JURY DEMAND**

**COME NOW** plaintiffs Kare Ivania Duenas and Joseph Daniel Duenas and demand a Trial By Jury in this action.

Dated: September 29, 2021

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFFS KAREN IVANIA DUENAS
and JOSEPH DANIEL DUENAS